IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AVELINO CRUZ MARTINEZ )
)
v. ) NO. 3-14-1616
) JUDGE CAMPBELL
UNITED STATES STATE )
DEPARTMENT )

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 19). Defendant has not responded to Plaintiff's Statement of Facts (Docket No. 20). Those facts, therefore, pursuant to Local Rule 56.01(g), are not disputed for purposes of this Motion.

For the reasons stated herein, Plaintiff's Motion is GRANTED as set forth herein.

## INTRODUCTION

Plaintiff filed this action pursuant to the Freedom of Information Act ("FOIA"), asking the Court to order the production of State Department records pertaining to Plaintiff. Plaintiff requested these documents more than nine months ago. Plaintiff's request for expedited production was denied.

Plaintiff is a U.S. citizen facing extradition to Mexico, where Plaintiff claims he is facing death threats from villagers if he returns. Through this Motion, he asks the Court to order the State Department to make its determination on Plaintiff's request within 20 days and to produce those records within a week of making its determination.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary

judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## THE FOIA PROCESS

The relevant FOIA time line here provides that the agency shall determine within 20 days after receipt of the request whether to comply with the request and shall immediately notify the person making the request of such determination and the reasons therefor. 5 U.S.C. § 552

(a)(6)(A)(i). In unusual circumstances,[1] the agency may extend the time limit up to 30 days by written notice to the requesting party. 5 U.S.C. § 552(a)(6)(B)(i).

The statute requires that, within the relevant time period, an agency must determine whether to comply with a request - that is, whether a requester will receive all the documents the requester seeks. *Citizens for Responsibility and Ethics in Washington ("CREW") v. Federal Election Comm'n,* 711 F.3d 180, 186 (D.C. Cir. 2013). Therefore, within the relevant time period, an agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemption. *Id.*

In order to make a "determination," the agency must at least (1) gather and review the documents; (2) determine and communicate the scope of the documents it intends to produce and withhold and the reasons for any withholding; and (3) inform the requester that it can appeal whatever portion of the determination is adverse. *CREW*, 711 F.3d at 188; *Electronic Privacy Information Center v. Department of Justice*, 15 F. Supp. 2d 32, 40 (D.D.C. 2014). Defendant did not make its determination[2] with regard to Plaintiff's request in either the 20-day or the 30-day time period.

---

[1] "Unusual circumstances" include (1) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (2) the need to search for, collect and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; and (3) the need for consultation, which shall be conducted with all practicable speed, with another agency or agencies having a substantial interest in the determination. 5 U.S.C. § 552 (a)(6)(B)(iii).

[2] A "determination" does not require actual production of the records to the requester at the exact same time the determination is communicated to the requester. As to actual production, FOIA requires that the agency make the records promptly available, which typically would mean within days or a few weeks, not months or years. *CREW*, 711 F.3d at 188.

3

If the agency does not make a determination within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies. *CREW,* 711 F.3d at 184-85. Accordingly, Plaintiff is deemed to have exhausted his administrative remedies and he has filed this lawsuit.

Once in court, an agency may further extend its response time if it demonstrates "exceptional circumstances" to the court and shows that the agency is exercising due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i). Here, Defendant has neither requested such an extension nor demonstrated that exceptional circumstances exist nor shown due diligence. "Exceptional circumstances" are different from unusual circumstances and do not include a delay that results from a predictable agency workload of requests, unless the agency demonstrates reasonable progress in reducing the backlog of pending requests. 5 U.S.C. § 552 (a)(6)(C)(ii).

Plaintiff's first FOIA request was dated March 12, 2014. His revised request was dated April 11, 2014. The 20-day time period has long passed. Even if Defendant were entitled to a 10-day extension, that deadline has also long passed. Plaintiff also requested that Defendant's response to his FOIA request be expedited, but Defendant summarily denied that request. Plaintiff appealed that denial, but his appeal was denied. Defendant has now estimated the "Complete Date" for making a determination on Plaintiff's request is June of 2015.

As stated, Defendant has not asked the Court to find that exceptional circumstances exist. A delay that results from a predictable agency workload of requests does not constitute exceptional circumstances under the FOIA statute unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. *CREW*, 711 F.3d at 184-85; *Clemente v. Federal Bureau*

4

*of Investigation*, 2014 WL 5408655 at * 3 (D.D.C. Oct. 24, 2014). Defendant has not made this showing.[3]

Accordingly, the Court finds that there are no exceptional circumstances in this case, and a determination on Plaintiff's request is long overdue. Defendant has failed to demonstrate that the Court should allow Defendant additional time.

Plaintiff has demonstrated a genuine need for urgency in gaining access to these records. As indicated above, Plaintiff is a U.S. citizen facing extradition to Mexico, where he faces death threats. He believes the requested documents will fortify his case against extradition, and time is of the essence.

For these reasons, the Court orders that Defendant shall make its "determination," as defined above, with regard to Plaintiff's request within twenty (20) days from entry of this Order and that Defendant shall produce the requested documents and/or its reasons for withholding any documents it withholds within thirty (30) days of this Order.

IT IS SO ORDERED.

                                                                     Todd Campbell
                                                                     TODD J. CAMPBELL
                                                                     UNITED STATES DISTRICT JUDGE

---

[3] The Affidavit of John F. Hackett (Docket No. 27-1), filed by Defendant, describes the order in which Defendant processes incoming FOIA requests in general and this request in particular, but it does not demonstrate reasonable progress in reducing its backlog of pending requests or due diligence.